GEORGE W. BOWEN, by Agnes G. Bowen, his executrix, Appellant, v. THE AETNA INDEMNITY COMPANY, Appellee.

Fraud: RECOVERABLE DAMAGES. Where plaintiff claimed to have pur-
1    chased corporate stock through the false representations of defendant
     and its agent, paying therefor partly in cash at the time and the
     balance later in professional services, and there was evidence that
     he had no knowledge of the fraud at the time he made the cash
     payment but did know of the same when the services were rendered,
     an instruction that he was only entitled to recover what he actually
     paid by reason of the alleged fraud was proper, and a verdict for
     the amount of the cash payment only was not erroneous.

Same: INSTRUCTIONS: CONFLICT. An instruction that plaintiff must
2    prove that defendant, or one of its officers or agents, made the rep-
     resentations substantially as claimed; that they were false and known
     to the party making them to be false, or assumed to be made from
     a personal knowledge of their truth; that plaintiff believed the
     representations, had the right to and did rely thereon and was dam-
     aged thereby, was not in conflict with another paragraph of the
     charge to the effect that it was admitted that the agent who made the
     representations was the agent of defendant, and that his representa-
     tions were binding upon the defendant, when the two instructions
     were construed together; as the first involved the making of the
     representations and not the question of agency.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

TUESDAY, JULY 1, 1913.

SUIT to recover $1,235 for false representations, by an agent of the defendant, in the sale of ten shares of stock in defendant corporation. There was a verdict and judgment for plaintiff in the sum of $500. The plaintiff appeals.— *Affirmed.*

*B. I. & L. H. Salingcr,* for appellant.

*Read & Read* and *H. W. Macomber,* for appellee.

Preston, J.—This case has been here before. See 151 Iowa, 663. The present appeal is from the judgment on count 1 of the petition.

About January, 1904, plaintiff bought, through one Quint, a duly authorized agent of defendent, ten shares of stock in the corporation of the par value of $100 per share, agreeing to pay therefor $125 per share. It is admitted that he paid $500 in cash in January and February, 1904. On January 13, 1905, he received a call for the balance, and soon after, on the advice of Quint, sent a check for $750. The payment of this check was countermanded, and it was not paid. September 22, 1905, a written agreement was entered into between the parties, a copy of which is set out in the opinion on the former appeal at pages 665 and 666. Plaintiff rendered legal services for defendant under this agreement, and the balance of his subscription for stock was paid by such services; credits therefor being given, from time to time, as the services were performed. Prior to the time that plaintiff subscribed for and purchased the stock, and during the negotiations, the matter of his employment as attorney for defendant was discussed, and he was assured by Quint that he would be employed in assisting the prosecution of criminal cases, and that he (Quint) would do all he could to get the attorneyship for plaintiff. Plaintiff testified he would not say this was a controlling inducement for the purchase of the stock, but that it was one of the inducements. June 20, 1904, the stockholders of the defendant company, at a special meeting called for that purpose, voted to reduce the capital stock by reducing the par value of its shares to $50 per share and call in and cancel outstanding certificates, and issue, in lieu thereof, one share of new stock for one share of old. More than four years after the sale of stock to plaintiff, to wit, on March 19, 1908, plaintiff sought to rescind the sale by the following writing, which defendant admits it received:

Carroll, Iowa, March 19, 1908.   The Ætna Indemnity Company, 68 Williams Street, New York, N. Y.   Gentlemen: I hereby offer and tender to you certificate No. 1291 for ten shares of stock in the Ætna. Indemnity Company, face value $50 per share, and for which I have paid in full on a basis of $125 per share, and I demand from you a repayment of said sum of $1,250 paid by me for same, for the reason that said stock was obtained by me and paid for at the above price through misrepresentations of yourself and agents, and that the contract heretofore entered into by and between us has not been fully and faithfully carried out.   That instead of getting ten shares of the face value of $100 per share as agreed, said stock was only issued for a face value of $50 per share.   And further that under the agreement heretofore entered into between yourself and me, it was agreed that I should have charge of all the criminal prosecutions tributary to Des Moines, Iowa, office of your company, which contract and agreement has been violated by you.   I therefore tender said certificate to you and make demand for the full amount of money which I have paid upon the same.   And unless you comply with this demand immediately. I shall commence suit against you to recover the amount paid.   Yours very respectfully, Geo. W. Bowen.

Defendant, among other matters, in its answer alleged that the contract of September 22, 1905, was not a contract of general employment, but was entered into to compromise and settle the differences then existing concerning said shares of stock; that it was entered into to enable plaintiff to pay the balance due on his stock, by legal services, and to enable defendant to carry out the action of its stockholders in reducing its stock to $50 per share, so that it might have an adequate surplus; that plaintiff had full knowledge of all said matters; that defendant relied on said agreement of settlement in carrying out its stock reducing with other stockholders and adjusting its affairs; that plaintiff, with full knowledge of all matters complained of in his petition, continued to accept the benefits of said agreement and to act as attorney for defendant; that by reason of foregoing matters plaintiff has been guilty of laches, and is now barred

and estopped from pleading the matters contained in the petition, and from rescinding his agreement and recovering back the amount paid and credited on his said stock. Plaintiff denied that the contract was a settlement; alleging that said contract was supplementary to a prior oral contract of employment, and that he had no knowledge of the facts set forth in his petition, when said contract was entered into.

I. Numerous errors are assigned, but in our opinion such errors, if any, were cured by the verdict in plaintiff's favor, so far as plaintiff is concerned, except as to the matter in regard to the amount of recovery. Defendant

1. FRAUD; recoverable damages.

has not appealed. The verdict involves a finding by the jury that false representations had been made to plaintiff; that he relied thereon, and that there had been no settlement. On its face the agreement does not purport to be a settlement. It was a question for the jury to say from all the other evidence whether or not it was such.

Appellant's contention is that the verdict should have been for $1,235, or nothing. In argument he states the issue in this court to be whether the pleadings and proof warranted anything but such a finding, and whether the

2. SAME: instructions: conflict.

pleadings warranted the court in instructing, or the jury in finding, a difference between money paid under the influence of false pretenses and the labor paid under the same influence. It will be remembered that the $500 in money was paid early in 1904, while the services, or the most of them, were performed after September, 1905, so that it was a question for the jury whether the payments on the stock by plaintiff's services were under the same influence as the payment of the $500 in money. Without setting out the evidence it is sufficient to say that a finding by the jury that when the services were rendered and credits therefor applied on the purchase of the stock, plaintiff had knowledge of the facts, and did not rely on the alleged false representations, would have support. As said before, the

verdict necessarily finds that when the $500 was paid he did not have such knowledge, and did rely on the representations. Plaintiff alleged that he paid $1,235 because of false representations. The payments were made at different times. If any part less than the full amount was so paid he could recover back such amount, but no more. On this point the court instructed the jury: "The plaintiff seeks to recover $1,235 damages, claimed to have been suffered by him, by reason of the alleged false representations of the defendant, made by defendant's agent Quint, which plaintiff claims were the inducements that persuaded him to enter into the contract of subscription. The fact that plaintiff seeks to recover $1,235 is not necessarily conclusive. If you find that plaintiff is entitled to recover, he is entitled to recover only what he actually paid to defendant by reason of the alleged deceit practiced in obtaining same, and the amount of plaintiff's recovery, if you find him entitled to recover, is for your determination based upon the evidence in the case." In our opinion this instruction is correct as applied to the evidence, at least as far as it goes. No further instruction was asked on this point. This disposes of the principal contention on this appeal.

Appellee suggests a further reason why plaintiff cannot recover more than $500, and that is that the services were rendered under a subsequent and different agreement, for which he was given credit on his purchase of stock, and, there being no evidence as to the value of such services, the defendant ought not to be held to pay therefor in cash, contrary to the agreement. But in view of what we have already said it is unnecessary to discuss this feature of the case.

II. It was conceded on the trial that Quint was the duly authorized agent of the defendant in the transaction in question. It is claimed by appellant that the court erred in submitting to the jury this conceded fact for its determination, and that instructions 3 and 13 are in conflict. It appears to us the claim is not meritorious. Instruction 3 is, in substance, as follows: "To enable the plaintiff to recover it is

incumbent upon him to prove, by preponderance of the evidence, first, that the defendant, or one of its officers or authorized agents, made to the plaintiff representations of fact substantially as claimed; second, that they were false; third, that they were known by the party making them to be false when they were made, or else that they assumed to make them as of their personal knowledge as to the truth thereof; fourth, that plaintiff believed said representations, and had a right to rely thereon, and relied thereon, and that in reliance thereon he purchased the stock; fifth, that plaintiff has been damaged as a result thereof.'' A part of 13, so far as it bears on this question, reads: ''It is admitted in this case, that one Quint was the agent of defendant, and that whatever representations he made to the plaintiff with reference to the stock would be binding on the defendant.'' Taking the two together, No. 3 refers to the question whether representations were made, and not to the question of agency.

III.   The court did not charge that plaintiff must prove all the representations, as appellant argues, but did say that to entitle plaintiff to recover, it is not necessary that each and all of the representations charged in the petitions were made, or, if made, that they were all untrue. Nor did the court instruct that the representations must be the sole cause which induced the plaintiff to purchase the stock. Appellant complains that there was error in the statement of the issues, and that the same confused rather than aided the jury in their determinations, by reason of its length and complications, and by retaining as issuable matters, and submitting the same to the jury, matters which had been removed by concession. The last part of this complaint has been heretofore referred to. The pleadings were voluminous; twenty-nine pages of the abstract and additional abstract being taken up in the printing. The trial court condensed this into five pages.

Other matters are argued, but we have noticed all that seem to be controlling.

There is no prejudicial error.—*Affirmed.*